IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY

JAMAL HASAN ALFRED,                    HONORABLE JEROME B. SIMANDLE

                Petitioner,
                                          Civil Action
     v.                                   No. 16-2723 (JBS)

DAVID ORTIZ,
                                          **OPINION**
                Respondent.


APPEARANCES:

Jamal Hasan Alfred, Petitioner pro se
21176-058
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
EAST: P.O. Box 2000
Fort Dix, 08640

Caroline A. Sadlowski, AUSA
Kristen Lynn Vassallo, AUSA
Office of the U.S. Attorney
District of New Jersey
970 Broad Street
Newark, New Jersey 07102
     Attorney for Respondent David Ortiz


**SIMANDLE, District Judge:**

**I.   INTRODUCTION**

     This matter comes before the Court on Jamal Hasan Alfred's

petition for writ of habeas corpus challenging a disciplinary

proceeding at FCI Fort Dix. Petition, Docket Entry 1. Respondent

David Ortiz opposes the petition.[1] Answer, Docket Entry 8. The petition is being decided on the papers pursuant to Fed. R. Civ. Pro. 78(b). For the reasons set forth below, the petition is denied.

## II.  BACKGROUND

Petitioner is a convicted and sentenced federal prisoner presently incarcerated in FCI Fort Dix, New Jersey. On April 11, 2015, Petitioner was leaving the Fort Dix kitchen area when a corrections officer conducted a random pat-down search. According to the Incident Report, the officer found Petitioner "had 3 ten pound bags of liquid eggs, secured to his body with a home-made waist band with his number on it, hidden under his clothes and jacket." Incident Report, Respondent's Document 2a, § 11. He was charged with violating Code 219, stealing. *Id.* § 9. *See also* 28 C.F.R. § 541.3. Petitioner received a copy of the report on April 11, 2015 at 2:35 pm. Incident Report §§ 15-16. Petitioner declined to make a statement after being advised of his rights, and the matter was referred to the Unit Discipline Committee ("UDC") for a hearing. *Id.* §§ 17-19.

The UDC conducted a preliminary review and concluded that Petitioner had committed the offense of stealing. *Id.* § 20. It recommended the loss of Petitioner's job, preferred housing, and

---

[1] Jordan Hollingsworth was warden of FCI Fort Dix at the time the petition was filed. The Court substitutes current warden David Ortiz as respondent. Fed. R. Civ. P. 25(d).

2

good time credits. *Id.* The UDC referred the report to a Discipline Hearing Officer ("DHO") for a full hearing. *Id.* Petitioner received notice of the DHO hearing on April 14, 2015. Notice of Discipline Hearing, Respondent's Document 2c. He indicated he wanted Officer Collins from Food Service to appear as his staff representative. *Id.* He waived his right to present witnesses. *Id.*

The hearing was held on April 28, 2015. DHO Report, Respondent's Document 2d § I.B. When Petitioner arrived at the hearing, the DHO informed him that Officer Collins had declined to act as Petitioner's representative. Officer Collins indicated "it would be detrimental for inmate Alfred, Jamal Hasan to have [him] as a representative do [sic] to the knowledge of prior stealing." Duties of Staff Representative, Respondent's Document 2e. The DHO offered to reschedule the hearing so Petitioner could obtain another representative, but Petitioner declined the offer. DHO Report § II.C. He instead elected to waive staff representation and to proceed with the hearing as scheduled. *Id.*

Petitioner did not call any witnesses during the hearing. He argued: "'There was not ten pounds of liquid eggs, [the reporting officer] is exaggerating. The strap belt was medically issued to me.'" *Id.* § III.B. The DHO considered this argument as well as the Incident Report and photographs of the three liquid egg containers and the strap belt. *Id.* § III.D; Photo Sheet. After considering Petitioner's argument and the documentary

3

evidence, the DHO concluded Petitioner had committed the offense of stealing. DHO Report § V. He sanctioned Petitioner to the loss of 27 days good-time credit, loss of commissary privileges for 60 days, and the loss of his job and preferred housing for one year. *Id.* § VII.

Petitioner appealed the findings via the Bureau of Prisons' ("BOP") administrative remedy process. He denied the DHO's assertion that he admitted to stealing. "I assert that I am innocent of the charge against me. . . . I was accused of having '3 ten pound bags of liquid eggs secured to [my] body.' However, as I stated to the Hearing Officer, 'I did not have three 10 pound bags of eggs. In fact, there are no 10 pound bags of eggs.'" Regional Appeal, Respondent's Document 1b (alteration in original). He attached a label from a scrambled egg mix indicating it weighed 5 pounds. *Id.* He also argued his due process rights were violated when Officer Collins declined to represent him and told the DHO about having knowledge about Petitioner's prior acts of theft. *Id.* The Regional Director denied the appeal, as did the Central Office.

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on May 13, 2016. Respondent submitted its answer on December 9, 2016. Petitioner did not submit a traverse. The matter is now ripe for decision.

## III. ANALYSIS

"Federal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct. When such a statutorily created right exists, a prisoner has a constitutionally protected liberty interest in good time credit." *Denny v. Schultz*, 708 F.3d 140, 143-44 (3d Cir. 2013) (internal citations and quotation marks omitted). "Due process protections attach in prison disciplinary proceedings in which the loss of good-time credits is at stake." *McGee v. Schism*, 463 F. App'x 61, 63 (3d Cir. 2013) (per curiam). In assessing whether disciplinary proceedings complied with the Due Process Clause, the Court considers the factors enumerated by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Under *Wolff*, inmates must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). Inmates should also "be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate

5

designated by the staff" if they are illiterate or where "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case," *Wolff*, 418 U.S. at 570. Moreover, the "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record." *Hill*, 472 U.S. at 454 (quoting *Wolff*, 418 U.S. at 558).

Petitioner argues the hearing violated his due process rights in three ways: by denying him an impartial hearing officer; by denying him a staff representative; and by failing to meet the "some evidence" standard.

**A. Impartial Hearing Tribunal**

Petitioner alleges the DHO was impermissibly biased because Officer Collins informed the DHO that he had knowledge of Petitioner's prior acts of stealing. "'[T]he requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge.'" *Speight v. Minor*, 245 F. App'x 213, 217 (3d Cir. 2007) (quoting *Meyers v. Aldredge*, 492 F.2d 296, 306 (3d Cir. 1974)) (alteration in original). "It would not include those who are only tangentially affected by the alleged misconduct, such as prison officials who may have

6

some administrative connection with such misconduct prior to hearings." *Meyers*, 492 F.2d at 306.

There is no evidence in the record that the DHO had a "direct personal or otherwise substantial involvement" in the circumstances underlying the charges against Petitioner, and nothing in *Wolff* requires the hearing officer to have no knowledge whatsoever of an inmate's prior disciplinary history. Even in the criminal context jurors are not required to be "totally ignorant of the facts and issues involved." *Irvin v. Dowd,* 366 U.S. 717, 722 (1961). Further, a judge in a non-jury case is routinely expected to disregard prejudicial evidence that has been excluded. It stands to reason that there must be more than a generalized allegation of bias based on a hearing officer's knowledge of prior acts in disciplinary proceedings where prisoners are not entitled to "the full panoply of rights due a defendant in [criminal] proceedings." *Wolff*, 418 U.S. at 556. There is no support to Petitioner's assertion that the DHO was biased in a manner that violated Petitioner's due process rights.

## B. Staff Representative

Petitioner further asserts the hearing did not comport with due process because his chosen staff representative, Officer Collins, declined to represent him and informed the DHO that he had knowledge of other incidents of Petitioner stealing. He argues "the only reason for Officer Collins to make this

allegation, was in an attempt to prejudice the DHO Officer. The Petitioner further asserts that this prejudice turns Officer Collins declination into a due process violation." Petition at 7.

Officer Collins' decision not to represent Petitioner did not violate Petitioner's due process rights. Petitioner is not illiterate, as evidenced by his cogent arguments before this Court, nor does Petitioner argue that he did not understand the charge levied against him. *See Wolff*, 418 U.S. at 570. Furthermore, Petitioner's argument that Officer Collins would have been able to testify that there are no 10 pound bags of liquid eggs disqualifies him from serving as Petitioner's representation. *See* BOP Program Statement 5270.09, c. 541.8(d)(1)("You may request the staff representative of your choice, so long as that person was not a victim, *witness*, investigator, or otherwise significantly involved in the incident." (emphasis added)). Finally, nothing in the record supports Petitioner's conclusory allegation that Officer Collins informed the DHO of his knowledge of Petitioner's prior acts of stealing for the sole purpose of prejudicing Petitioner's hearing.

The DHO offered to postpone the hearing so Petitioner could obtain a new representative, but Petitioner chose to continue with the hearing as scheduled without a staff representative. While Petitioner may regret his decision, he nonetheless

exercised his own choice to proceed without a new representative despite the offer of the DHO to postpone the hearing. Neither the BOP regulations nor Petitioner's due process rights were violated when Petitioner elected to proceed without staff representation.

**C. Some Evidence**

Petitioner argues there is not "some evidence" to support the charge. "The Petitioner was charged with stealing '3 ten pound bags of liquid eggs' from the Fort Dix Food Services. However, the Petitioner asserted at his DHO Hearing and asserts again here, that the Fort Dix Food Service did not even purchase ten pound bags of liquid eggs. This fact supports the Petitioner's statement at his DHO hearing that the Officer . . . was 'exaggerating.'" Petition at 8.

Having reviewed the findings of the DHO, the Court concludes that there is some evidence in the record to support a conclusion that Petitioner committed the offense of stealing. "[T]he relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985) (emphasis added). The written findings show that the DHO considered Petitioner's argument that the liquid eggs did not weigh 10 pounds and that the strap had been medically issued to him. DHO Report § V. The pictures of the liquid eggs and strap, which Petitioner does not

deny using, constitute some evidence supporting the DHO's decision. Whether the liquid eggs weighed 5 pounds or 10 pounds each is ultimately irrelevant. The evidence indicates Petitioner took sizeable bags of liquid eggs from the Fort Dix kitchen area strapped to his body without permission. That is enough to support the charge of stealing a substantial quantity of liquid eggs. Having found some evidence to support the findings, the Court must therefore uphold the disciplinary decision.

Stealing is designated as a "High Severity Level Prohibited Act" under 28 C.F.R. § 541.3. The loss of 27-days good-conduct time is within the permitted sanctions for that level. 28 C.F.R. § 541.4(b)(3). The petition is denied.

## IV. CONCLUSION

For the above stated reasons, the petition is denied. An accompanying Order will be entered.


**September 20, 2017**         **s/ Jerome B. Simandle**
Date        JEROME B. SIMANDLE
       U.S. District Judge